## Commonwealth v. Higgenbottom

*J. William Ditter, Jr.*, for Commonwealth.

*H. Lester Haws*, for defendant.

FORREST, J., February 15, 1956.—Defendant was charged with operating a motor vehicle after suspension and revocation of operating privileges. The case was tried by the writer without a jury. The testimony of the Commonwealth was to the effect that defendant operated a motor vehicle after his operating privileges had been revoked by the Secretary of the Department of Revenue for the reason that he had been convicted of operating a motor vehicle while under the influence of intoxicating liquor. There was no evidence that defendant actually had an operator's license at the time of the "revocation". Defendant presented no evidence but demurred to the Commonwealth's evidence on the basis set forth by his counsel as follows:

"At this point, sir, I demur to the evidence, because

Mr. Ditter has not shown there was a license to be revoked, and, therefore, this notice as to revocation could not revoke anything, and, the man therefore would be guilty only of driving without a license, section 601."

The hearing judge then found defendant guilty and defendant filed a motion for new trial assigning the three usual reasons: "1. The verdict was against the evidence. 2. The verdict was against the weight of the evidence. 3. The verdict was against the law."

Section 620 of The Vehicle Code, as amended 75 PS §231, provides that it is unlawful: "(h) To operate any motor vehicle . . . after the operating privilege is suspended or revoked, and before such operating privilege has been reinstated." The question here is whether a driver, whose operating privileges have been revoked, although it is not shown that he ever actually had an operator's license, is guilty of operating a motor vehicle after suspension or revocation of operating privileges.

In a similar case, in this court, President Judge Knight aptly stated: "Counsel for the defendant contends that as the defendant never had a license, it was impossible to revoke something which never existed. It is not the license of the defendant that was revoked, but his operating privilege. One of his operating privileges . . . was the right to apply for a license to operate and this privilege or right could be revoked as well as any existing license he may have held": Commonwealth v. Hightower, no. 172, November term, 1949, unreported. The instant case is on all fours with that case. Suffice it to say that the Hightower case is controlling and the motion should be overruled.

And now, February 15, 1956, the motion for new trial is overruled and defendant is directed to appear in court for sentence at such time as the district attorney shall list the same.